LAW OFFICES
**CHARLES A. GRUEN**
Attorneys for Creditor
Blue Bridge Financial, LLC
381 Broadway, Suite 300
Westwood, New Jersey 07675
(201) 342-1212
(CG5456)

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| In re: | Chapter 7 |
|---|---|
| MID ATLANTIC PARTY RENTAL, LLC | Case No.: 22-16749 |
| Debtor. | |

**CERTIFICATION OF COUNSEL IN OPPOSITION TO
CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER
RECLASSIFYING CLAIM OF BLUE BRIDGE FINANCIAL, LLC**

CHARLES A. GRUEN, of full age, hereby certifies as follows:

1. Our firm represents creditor, Blue Bridge Financial, LLC, ("Blue Bridge"), with regard to the above-captioned matter. The Proof of Claim filed by Blue Bridge, a copy of which is attached hereto as Exhibit "A", arises out of the Debtor's default in payments under an Equipment Finance Agreement pursuant to which Blue Bridge provided financing for the Debtor's acquisition of a used 2015 Hino 268A vehicle; a refurbished/used 100lb Unimac washer; and a telephone system. The Equipment Finance Agreement was executed by William Green, as partner on behalf of the Debtor, on or about December 2, 2021. A copy of the Equipment Finance Agreement is attached to Blue Bridge's Proof of Claim.

1

2. The Trustee's Motion to reclassify relates to certain collateral in which Blue Bridge holds a security interest, namely the refurbished/used 100lb Unimac washer and the telephone system (hereinafter referred to as the "Subject Collateral"). The Trustee has acknowledged Blue Bridge's perfected security interest in the titled 2015 Hino 268A vehicle. See Certification of Maureen P. Steady, Chapter 7 Trustee, dated September 19, 2022, at paragraph 6.

3. The Trustee has taken the position that the description of the Subject Collateral in Blue Bridge's UCC-1 Financing Statement is insufficient to perfect Blue Bridge's security interest in said equipment, as a matter of law. As will be demonstrated below, it is respectfully submitted that the Trustee lacks sufficient legal basis for the position which has been taken and, as such, the Motion should be denied.

4. It is well-settled that perfection of a security interest is governed by state law. *In re Bristol Assocs., Inc.* 505 F.2d 1056, 1059 (3rd Cir. 1974). Article 9 of the Uniform Commercial Code, as adopted in the State of New Jersey, governs the recording of UCC-1 Financing Statements to perfect creditors' security interests. *N.J.S.A.* 12A:9-501, et seq.

5. Specifically, *N.J.S.A.* 12A:9-502(a) provides, in pertinent part, as follows:

> (a) Sufficiency of financing statement. Subject to subsection (b), a financing statement is sufficient only if it:
>
> > (1) provides the name of the debtor;
> >
> > (2) provides the name of the secured party or a representative of the secured party, which discloses the identity of the secured party or representative; and

2

      (3) indicates the collateral covered by the financing statement and that the collateral is within the scope of this chapter, pursuant to 12A:9-102 and 12A:9-109.

*N.J.S.A.* § 12A:9-502(a)

6.    The Trustee's Motion advances the proposition that because the description of the Subject Collateral in the UCC-1 Financing Statement does not specifically include the language "the collateral is within the scope of this chapter, pursuant to 12A:9-102 and 12A:9-109" (hereinafter referred to as the "Subject Language"), Blue Bridge failed to properly perfect its security interest in said collateral and, therefore, Blue Bridge's claim should be reclassified as unsecured as to said collateral.

7.    It is respectfully submitted that the plain language of *N.J.S.A.* § 12A:9-502(a)(3) simply requires that the type of collateral listed in the UCC-1 Financing Statement is within the scope of the statute, pursuant to §§ 12A:9-102 and 12A:9-109. It is not clear whether or not the Subject Language **must** be included in the description.

8.    *N.J.S.A.* § 12A:9-504 Indication of Collateral, provides as follows:

   A financing statement sufficiently indicates the collateral that it covers if the financing statement provides:

      (1) a description of the collateral pursuant to 12A:9-108; or

      (2) an indication that the financing statement covers all assets or all personal property.

*N.J.S.A* § 12A:9-504.

9.    Generally, "a description of personal or real property is sufficient, whether or not it is specific, if it reasonably identifies what is described." *N.J.S.A.* 12A:9-108(a). In the instant matter, the Trustee does not allege that the actual description of the financed equipment does not

3

reasonably identify the collateral, nor is any other substantive or material deficiency identified or alleged by the Trustee. Accordingly, based upon the succinct language of *N.J.S.A* § 12A:9-504 (as opposed to the more general and, arguably, ambiguous language contained within *N.J.S.A.* 12A:9-502(a)(3)), it is respectfully submitted that the equipment description in Blue Bridge's UCC-1 Financing Statement is more than sufficient to perfect its security interest in the Subject Collateral.

10. Additionally, even if this Honorable Court were to find that the Subject Language is absolutely required (which proposition is strenuously denied), it is respectfully submitted that Blue Bridge's UCC-1 Financing Statement is still effective to perfect its security interest in the Subject Collateral, as the omission is minor, at best. *N.J.S.A.* § 12A:9-506 Effect of Errors and Omissions, provides as follows:

> (a) Minor errors and omissions. A financing statement substantially satisfying the requirements of this part is effective, even if it has minor errors or omissions, unless the errors or omissions make the financing statement seriously misleading…

*N.J.S.A.* § 12A:9-506.

11. In the matter *sub judice*, The Trustee has taken the unreasonable position that failure to include the Subject Language renders the UCC-1 Financing Statement ineffective. Notably, the Trustee admits that she is unaware of any reported case in New Jersey, or elsewhere, construing the effect of amended *N.J.S.A.* § 12A:9-502(a)(3). It cannot reasonably be argued that the omission of the Subject Language is in any way, shape or form misleading, within the meaning of the Uniform Commercial Code, as adopted in New Jersey.

12. A mere cursory review of the UCC-1 Financing Statement filed by Blue Bridge demonstrates that it complies with the requirements of Article 9, as adopted in New Jersey. It

4

provides the name of the debtor; the identity of the secured party; and a complete description of the collateral. Accordingly, under New Jersey law, the UCC-1 Financing Statement filed by creditor, Blue Bridge, is sufficient to perfect its security interest in the Subject Collateral. To hold otherwise would be tantamount to nullifying a creditor's security interest on a questionable technicality, prejudicing only the creditor, where all material elements of New Jersey law have been met to perfect the creditor's security interest in the collateral, as demonstrated above.

13. Based upon the foregoing legal and factual analysis, it is respectfully submitted that the Trustee has not provided an adequate basis for the requested reclassification. Accordingly, it is respectfully requested that the Trustee's Motion be denied, in its entirety, and that Blue Bridge's secured claim not be reclassified.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                                               CHARLES A. GRUEN (CG 5456)

Dated: October 11, 2022